## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Crim. No. 01-20034-02-KHV |
| v. ) | |
| ) | Civil No. 05-3211-KHV |
| **CRAIG L. BANKS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Modify, Correct Sentence (Doc. #71) filed May 9, 2005, which the Court construes as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.[1]  Defendant argues that the Court should re-sentence him in light of Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

Section 2255 provides a one-year period of limitation for motions brought under that section. 28 U.S.C. § 2255.  The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] The Tenth Circuit has cautioned district courts against re-characterizing a motion as a Section 2255 motion without the petitioner's consent because it could trigger a bar on a successive Section 2255 motion.  See United States v. Apodaca, 90 Fed. Appx. 300, 303 (10th Cir. Jan. 30, 2004). In this case, however, the one-year deadline under Section 2255 has already expired.  Because defendant cannot timely assert an initial Section 2255 motion absent a specific statutory exception, he is not prejudiced if the Court construes his present motion under Section 2255.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Because defendant did not file a direct appeal, his conviction was final on January 11, 2002 – ten days after judgment was entered. Accordingly, his motion filed on May 29, 2005 is not timely under subsection (1). None of the other subsections of Section 2255 permits defendant to raise his claim at this time. The Tenth Circuit has held that neither Blakely nor Booker announced a new rule of constitutional law made retroactive by the Supreme Court on collateral review. United States v. Van Kirk, 2005 WL 1706978, at *1 (10th Cir. July 22, 2005); see United States v. Bellamy, No. 04-5145, 2005 WL 1406176, at *3 (10th Cir. June 16, 2005) (Booker does not apply retroactively to initial habeas petitions); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely does not apply retroactively to convictions already final as of June 24, 2004); see also United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (Apprendi v. New Jersey, 530 U.S. 466 (2000) is not watershed decision and hence not retroactively applicable to initial habeas petitions). Accordingly, a defendant whose conviction was final when the Supreme Court decided Blakely on June 24, 2004 cannot obtain relief based on that decision under Section 2255.[2]

The files and records in this case conclusively show that defendant is not entitled to relief.

---

[2] Defendant does not allege that his counsel was ineffective for failing to anticipate Blakely. In any event, the Tenth Circuit has held that counsel's failure to recognize a potential legal argument does not constitute cause for a procedural default. United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004); see Hopkinson v. Shillinger, 954 F.2d 609, 610 (10th Cir. 1992).

Accordingly, no evidentiary hearing or response by the government is required. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's Motion To Modify, Correct Sentence (Doc. #71) filed May 9, 2005 be and hereby is **OVERRULED**.

Dated this 4th day of August, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge